# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMALIK RASUWL, CDCR #BK-0601, <br><br> Plaintiff, <br><br> vs. <br><br> MARK HAYS; FRANK CLAMSER; APRIL SIPPERLEY; JUSTIN WHITE, <br><br> Defendants. | Case No.: 3:19-cv-01832-MMA-WVG <br><br> **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a);** <br><br> [Doc. No. 2] <br><br> **DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Almalik Rasuwl, currently housed at the California Institution for Men located in Chino, California and proceeding *pro se*, has filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, but instead has filed Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

1

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the Court orders the institution having custody of the prisoner to collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his Inmate Trust Account Statement Report for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C.

---

June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Plaintiff's certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

## II. Conclusion and Order

Based on the foregoing, the Court (1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and **DISMISSES** this action without prejudice based on his failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a); (2) **GRANTS** Plaintiff forty-five (45) days from the date this Order is filed to re-open the case by either: (1) paying the entire $400 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a completed prison certificate and/or a certified copy of his Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and (3) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP." If Plaintiff neither pays the $400 filing fee in full, nor sufficiently completes and files a renewed Motion to Proceed IFP, *together with a certified copy of his 6-month Inmate Trust Account Statement Report* within forty-five (45) days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), without any further Order of the Court.

**IT IS SO ORDERED**.

DATE: October 1, 2019

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge