# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMALIK RASUWL, CDCR #BK-0601,<br><br>Plaintiff,<br><br>vs.<br><br>MARK HAYS; FRANK CLAMSER; APRIL SIPPERLEY; JUSTIN WHITE,<br><br>Defendants. | Case No. 3:19-cv-01832-MMA-WVG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Almalik Rasuwl, currently housed at Valley State Prison located in Chowchilla, California, and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2019. *See* Compl., Doc. No. 1.

**I.  Procedural History**

On October 29, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* Doc. No. 6. Plaintiff was advised of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 6-10.

1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMALIK RASUWL, CDCR #BK-0601,<br><br>Plaintiff,<br><br>vs.<br><br>MARK HAYS; FRANK CLAMSER; APRIL SIPPERLEY; JUSTIN WHITE,<br><br>Defendants. | Case No. 3:19-cv-01832-MMA-WVG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Almalik Rasuwl, currently housed at Valley State Prison located in Chowchilla, California, and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2019. *See* Compl., Doc. No. 1.

**I.  Procedural History**

On October 29, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* Doc. No. 6. Plaintiff was advised of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 6-10.

1

3:19-cv-01832-MMA-WVG

Plaintiff's Amended Complaint was due on or before December 16, 2019 and nearly three months have passed since the Court issued its October 29, 2019 Order. But to date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

**II. Conclusion and Order**

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's October 29, 2019 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: January 24, 2020

HON. MICHAEL M. ANELLO
United States District Judge